UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAVIGEA, LTD., <br><br> Plaintiff, <br><br> v. <br><br> IN RE KELVIN-HUGHES NDR 2002 VOYAGE DATA RECORDER PROPERTY OF THE M/V EXPLORER (IMO 6924959), IN REM, et al., <br><br> Defendants. | CASE NO. C11-0541JLR <br><br> ORDER DENYING MOTION TO ALLOW DOWNLOAD OF ELECTRONIC DATA FROM VOYAGE DATA RECORDER |

## I. INTRODUCTION

Before the court is Plaintiff Navigea Ltd.'s ("Navigea") motion to allow a qualified third-party to download electronic data from the voyage data recorder at issue in this litigation. (Mot. (Dkt. # 5).) Having reviewed the motion, the submissions of the parties, and the applicable law, the court DENIES the motion.

ORDER- 1

## II. FACTUAL AND PROCEDURAL BACKGROUND

According to the allegations in Navigea's complaint, on November 22, 2007, the hull of the M/V EXPLORER suffered severe damage when it struck ice while operating in the Southern Ocean. (Am. Compl. (Dkt. # 14) ¶ 7.) The vessel eventually sank in international waters on November 23, 2007. (*Id.* ¶ 7-9.) The 100 passengers and 54 crew members on board evacuated to life boats and were rescued on the same day. (*Id.* ¶ 8.)

A Kelvin-Hughes NDR 2002 Voyage Data Recorder ("VDR") was mounted on the flying bridge of the M/V EXPLORER and sank with the vessel. (*Id.* ¶¶ 11-12.) The VDR is designed to electronically record certain information, including global positioning system data (including the date, time and position of the vessel), the speed log data, the gyrocompass heading, radar data, bridge audio, VHF communications, rudder-order and feedback response, engine/propeller-order and feedback response. (*Id.* ¶ 10.)

The M/V EXPLORER is registered in Monrovia, Liberia (*id.* ¶ 2), and the Liberian government conducted the investigation into the vessel's sinking and published a report. (*Id.* ¶ 14; *see also* Matison Decl. (Dkt. # 24) Ex. A.) The report states in part that "[t]he owner should have taken action to recover the VDR from the EXPLORER because the Master failed to remove the VDR from the EXPLORER." (Matison Decl. Ex. A at 72.) Defendant G.A.P. Shipping Co. Limited ("G.A.P.") is the owner of the vessel. (Am. Compl. ¶ 3.) G.A.P., however, declined to attempt to retrieve the VDR citing the significant costs involved and risks to the environment if the vessel were disturbed. (*See* Matison Decl. Ex. A.)

On or about February 8, 2011, Navigea used an unmanned submersible vessel, which was an appurtenance of the M/Y OCTOPUS, to recover the VDR from the deck of the M/V EXPLORER in approximately 4,000 feet of Antarctic waters. (Am. Compl. ¶ 16.) At some point following the recovery, the VDR was moved to the Western District of Washington, where it presently resides. (*Id.* ¶ 22.)

On March 30, 2011, Navigea filed a verified complaint for (1) the arrest of the VDR in rem and (2) a salvage award against G.A.P. (Compl. (Dkt. # 1) at 1 & ¶¶ 28-36.) Navigea also expressly alleged that G.A.P. "owne[d] . . . the M/V EXPLORER, its equipment, and appurtenances" (*id.* ¶ 3), and that the "M/V EXPLORER was equipped with a Kelvin-Hughes NDR 2002 VDR." (*Id.* ¶ 10; *see also* Mot. at 3 (". . . G.A.P. is the owner of the hull and wreckage of the M/V EXPLORER, equipment and appurtenances.").) On April 1, 2011, Navigea filed motions for the arrest of the VDR (Dkt. # 2), and the appointment of a substitute custodian for the VDR (Dkt. # 4), both of which the court promptly granted (Dkt. ## 7 & 8).

On April 15, 2011, G.A.P. filed a claim of ownership with regard to the VDR. (Dkt. # 12.) On April 18, 2011, Navigea filed an amended complaint, in which it asserted an additional claim under the maritime doctrine of finds for an adjudication that the VDR was publicly and expressly abandoned by G.A.P. and that title to the VDR and its electronic data should be awarded to Navigea. (Am. Compl. at 1 & ¶¶ 39-43.) Navigea's claim under the doctrine of finds is pleaded in the alternative to its claim for salvage. (*Id.* at 1-2.)

Presently before the court is Navigea's motion for appointment of a qualified third-party to download electronic data recorded on the VDR. (Dkt. # 5.) The court notes that Navigea has never explained its interest in the electronic data that may be recorded on the VDR. Nevertheless, it is apparent that if it acquires the data, Navigea intends to publicly release it. (*See* Mot. at 5 ("[T]he data would be filed of record in this court."); Reply (Dkt. # 23) at 5-6 (asserting that G.A.P. has not demonstrated a need to maintain any recovered data under seal).)

G.A.P. has responded to Navigea's motion by stating in part that it does not oppose the extraction of the electronic data from the VDR, but does object to the dissemination of the data to Navigea or to the public at large. (*See* Resp. (Dkt. # 17) at 2.) G.A.P. asserts that the only entities to whom the data should be released are (1) itself as owner of the vessel and the VDR, (2) the Liberian authority tasked with investigating the sinking of the M/V EXPLORER, (3) GE Aviation Systems, as the third-party company which will attempt to extract the electronic data, (4) the manufacturer of the VDR, who may have to attempt to interpret any recovered data, and (5) the court (under seal). (*Id.* at 2, 5.)

According to Navigea, GE Aviation Systems, located in Grand Rapids, Michigan, "is the only entity in the United States with the ability to extract the electronic data from [the VDR] . . . ." (Mot. at 5.) Navigea, however, concedes that GE Aviation Systems is not subject to the jurisdiction of this court. (Reply at 2.) Further, GE Aviation Systems has not agreed to Navigea's request to sign an affidavit submitting to the jurisdiction of this court. (*See* Reply at 2; Matison Decl. Ex. F.) Navigea asserts that the court should

grant its motion "contingent upon GE [Aviation Systems]'s submission to the jurisdiction of the United States District Court." (Reply at 6 (emphasis in original).)

Finally, the parties agree that GE Aviation Systems is willing to extract the electronic data only if the Liberian authorities agree that the information should be extracted for purposes of Liberia's accident investigation, and only if the Liberian authorities approve the protocol for data extraction. (*See* Resp. at 6; Reply at 3-4.) Navigea acknowledges that the Liberian authorities have not agreed to cooperate in any data extraction that would result in dissemination of the data to the public (or to Navigea). (*See* Reply at 3-4; Matison Decl. Ex. J.) Navigea and G.A.P. have both submitted evidence to the court indicating that the Liberian investigating authorities do not believe that the VDR electronic data should be publicly released, except according to their discretion or the discretion of G.A.P. (*See* Matison Decl. Ex. J; Resp. Exs. 1 & 2.) Neither Liberia nor any of its administrative bodies are parties to this lawsuit or subject to this court's jurisdiction.

### III. ANALYSIS

Although both Navigea and G.A.P. agree that the electronic data on the VDR should be extracted, there are simply too many other obstacles impeding the data extraction for the court to grant Navigea's motion at this time. First, Navigea has failed to establish any right to obtain the electronic data contained on the VDR. In its initial complaint, Navigea asserted only claims for arrest of the VDR and salvage. (Compl. ¶¶ 28-36.) A salvor's maritime lien on salved property is a limited possessory interest and does not divest the true owner of title. *R.M.S. Titanic, Inc. v. The Wrecked and*

*Abandoned Vessel,* 435 F.3d 521, 531 (4th Cir. 2006); *see also Yukon Recovery, LLC v. Certain Abandoned Property,* 205 F.3d 1189, 1195 (9th Cir. 2000) ("Salvage law grants the salvor only a superior right of possession to recovered property, and not title, until a court has passed on title, and a salvage award."). Further, the law imposes on salvors the duties of good faith, honesty, and diligence in protecting the property in the salvors' care. *R.M.S. Titanic,* 435 F.3d at 532. "Because a salvor acts on behalf of a true owner, . . . it serves as a trustee of the owner's property and is therefore not permitted to use that property for its own purposes." *Id.* As noted above, although Navigea has cited the public's interest in acquiring the electronic data contained on the VDR (Mot. at 7), Navigea has never revealed the reason for its own interest in the VDR's electronic data. G.A.P., however, has clearly stated that although it is in favor of extracting the VDR's electronic data, and providing that information to the Liberian investigating authorities (Resp. at 2-3), it is opposed to dissemination of that information to Navigea or to the public at large (*id.* at 5-6). Accordingly, although Navigea may have a lien on the VDR as a result of its salvage claim, the salvage claim provides no basis for allowing Navigea to obtain and disseminate the electronic data contained on the VDR in contravention to G.A.P.'s wishes.

Navigea also has a claim against the VDR on the basis of the maritime law of finds. (Am. Compl. ¶¶ 39-43.) If its claim under the law of finds is established, then title to the VDR would transfer to Navigea. At this point in the litigation, however, all Navigea has is a cause of action against the VDR concerning title. It does not yet have title. Further, "the law of finds is a disfavored common-law doctrine incorporated into

admiralty but only rarely applied." *R.M.S. Titanic*, 435 F.3d at 532. The law of finds essentially expresses the rule of "finders, keepers." *Id.* Traditionally, courts applied this doctrine only to natural objects such flora and fauna, but more recently have extended it to include long-lost or abandoned shipwrecks. *Id.* The presumption against abandonment is overcome only if property owners expressly relinquish title or if no owner appears. *Id.* The law of finds is applied only in the most exceptional of circumstances. *Id.* Although Navigea has asserted its claim under the law of finds, it has not yet establish any right of title over the VDR, and faces a presumption against application of the doctrine. In fact, even in the context of this motion, Navigea has asserted, contrary to its claim under the law of finds, that "G.A.P. is the owner of the hull and wreckage of the M/V EXPLORER, equipment and appurtenances." (Mot. at 3.) There is nothing in the nature of Navigea's law of finds claim that provides a basis for the court to permit Navigea to extract electronic data from the VDR and disseminate that information in contravention to G.A.P.'s wishes.

      Navigea nevertheless asserts that G.A.P. has failed to demonstrate any justification for maintaining the data under seal assuming it is extracted. (Reply at 5-6.) To the contrary, both G.A.P. and Navigea have submitted evidence indicating that the governmental authorities in Liberia, who are responsible for investigating the M/V EXPLORER accident, have requested that the parties provide them with the electronic data contained on the VDR, and have also requested that the parties maintain the confidentiality of that data based on the International Maritime Organization's ("IMO") Code for the Investigation of Marine Casualties and Incidents. (*See* Resp. Ex. 2; *see also*

Matison Decl. Ex. J.)  The court finds that this evidence would constitute sufficient justification to maintain the data under seal if it were extracted from the VDR – at least until such time as the court makes a determination concerning Navigea's claim under the law of finds to title of the VDR.

Finally, the court also has concerns regarding the parties' proposals to remove the res (the VDR) from the territorial jurisdiction of this court, and to place it into the hands of GE Aviation Systems – a third-party over whom the court presently has no jurisdiction.  Ordinarily, removal of the res from the court's control does not divest the court of jurisdiction.  *Puerto Rico Ports Auth. v. Barge Katy-B, O.N. 606665*, 427 F.3d 93, 102 (1st Cir. 2005).  However, an exception to this general rule holds that jurisdiction is terminated when the res leaves the control of the court under circumstances in which any subsequent judgment would be devoid of effect or "useless to the prevailing party." *Id.* (citing *Republic Nat'l Bank v. United States,* 506 U.S. 80, 85 (1992)).  Although Navigea has sought an order from the court directing the extraction of the electronic data from the VDR *contingent* upon GE Aviation Systems' submission to the jurisdiction of the United States District Court (Reply at 6), Navigea has the proper order of events exactly backwards.  Assuming that GE Aviation Systems' submission to the jurisdiction of the court is necessary to protect either the parties to the lawsuit or the jurisdiction of the court, then GE Aviation Systems' submission should occur prior to the entry of any court order permitting GE Aviation System to extract the VDR's electronic data, and not the other way around. As Navigea has acknowledged, "[u]nless GE [Aviation Systems] enters an appearance and submits to the jurisdiction of this Court, . . . there is no

assurance that [it] would agree to return the components to Washington or prevent another party from interfering with this Court's control over the VDR." (Reply at 6.) Prior to sending the VDR outside of the court's control, the court would want the parties to address this fundamental jurisdictional issue.

Despite its inability to grant Navigea's motion at this time, the court notes the potential fragility of any data remaining on the VDR. Indeed, the March 26, 2009, decision of the Maritime Commission of the Republic of Liberia contains a statement attributed to the manufacturer of the VDR indicating that the data on the VDR would survive for a period of two years. (Matison Decl. Ex. A at 37.) Given that the VDR was submerged for approximately three and one-half years, the data may have already been destroyed. (*See* Reply at 2.) The court, therefore, encourages the parties to work cooperatively to resolve the issues identified above, and to reapply as needed for assistance from the court in extracting any data that may remain on VDR.

## IV.   CONCLUSION

For all of the foregoing reasons, the court DENIES Navigea's motion to permit GE Aviation System to extract electronic data from the VDR (Dkt. # 5) without prejudice to reapplication if appropriate. Because both Navigea and G.A.P. agree that the electronic data should be extracted, the court encourages the parties to work together to

resolve the issues described above concerning the data extraction, and then to re-file a motion seeking data extraction from the VDR, if appropriate.

Dated this 26th day of June, 2011.

JAMES L. ROBART
United States District Judge